Dear Mr. Oliver:
You have requested an opinion of this office regarding interpretation of Act 441 of the 1981 Regular Session of the Louisiana Legislature, which amended Act 788 of the 1979 Regular Session. Specifically, You wanted to know which tariff rate should be used as the basis for emergency telephone tax charges in Lafayette Parish when there are two service suppliers in the district.
The statute (Act 441) fails to address situations where more than one tariff rate exists in the district. Section 5 (B) (1) provides in pertinent part, that:
 The Commission may, when so authorized by a vote of a majority of the persons within the district qualified to vote at an election for the purpose in accordance with law, levy an emergency telephone tax in an amount not to exceed five percent (5%) of the tariff rate. (Emphasis added).
Some clarification is provided in the definition section of Act 441. Section 5 (A)(2) defines "tariff rate" as "the rate or rates billed by a service supplier . . ." Consequently, the telephone tax should be read as not exceeding five percent of the tariff rates in the district.
An earlier opinion from this office (91-95) analyzed a similar problem, but reference was made in the process verbal to R.S. 33:9101 et seq. R.S. 33:9106 (B)(1) specifically Calls for a charge not exceeding "five percent of the highest tariff rate." However, the Lafayette Parish Communication District was established prior to these enactments.
The Lafayette Parish legislation provides no guidance whatsoever regarding tax imposition with multiple tariff rates. However, the subsequent legislative enactment of the general statute indicates that choosing the highest rate is an acceptable policy choice and is therefore a reasonable alternative in lieu of the silence in your statute.
Moreover, the District voted to impose a maximum of only three percent on its rates. By applying the charge to the highest of both residential and business rates, the amounts are $.51 and $1.05 respectively. The statute authorizes up to a five percent rate. Even applying a five percent charge to the lowest rate in the district yields higher values for both residences and businesses ($.6425 and $1.55). Choosing the higher tariff rates for the three percent charge would not exceed the absolute dollar limits, allowable under Section 5 (B)(1).
It is therefore the opinion of this office that the higher residential and business tariff rate may be used as the basis for the three percent charge.
Trusting this to be of sufficient information, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLEN R. DUCOTE Assistant Attorney General
GRD/cdw-05501